USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES,

                    -against-

RODNEY SKINNER,

                    Defendant.

-------------------------------------------------------------X

96 Mag. 916
97 Mag. 315

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On or about May 14, 1996, Rodney Skinner ("Skinner") was arrested pursuant to a complaint charging him with money laundering. On or about January 29, 1997, the complaint was dismissed by Magistrate Judge James C. Francis, IV. On or about February 18, 1997, an arrest warrant was issued for Skinner pursuant to a complaint charging him with receipt of stolen securities across state lines. That complaint was dismissed by Magistrate Judge Henry B. Pitman on or about January 29, 2001.

On December 20, 2022, Skinner submitted a letter requesting the Court seal the records of his criminal case in United States v. Rodney Skinner, 96 Mag. 916. The Court interprets the request to encompass both the 1996 and 1997 cases. The Government oppose the request on the grounds that the Court lacks jurisdiction for sealing entire criminal records, and the Court's limited authority to seal arrest records does not apply here.

### DISCUSSION

Federal courts generally lack jurisdiction to seal entire records of criminal cases. See Doe v. United States, 833 F.3d 192, 196-99 (2d Cir. 2016). Absent federal statutes for sealing

criminal records, a court's power to grant relief lies within its "equitable discretion." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). A court may seal arrest records in "extraordinary circumstances," where the harm to the petitioner for maintaining the arrest records exceeds the government's need for recordkeeping. See id. Cases that constitute "extraordinary circumstances" usually involve unlawful arrests or inaccurate records. See id. at 540. The dismissal of the case, the age of the arrest, and adverse effects on financial prospects do not constitute "extraordinary circumstances." See United States v. Rodrigue, No. 81-CR-00342-LTS, 2023 WL 2043393, at *3 (S.D.N.Y. Feb. 16, 2023).

Skinner has not demonstrated that his situation amounts to extraordinary circumstances. In his letter to the Court, Skinner asks for the records to be sealed without identifying specific reasons for granting his request. In an email to the Court, Federal Defenders identify the dismissal of the case, the age of the arrest, and the adverse effects on Skinner's business as reasons in favor of sealing the record. While the Court sympathize with Skinner's situation, none of the reasons listed above constitutes extraordinary circumstances that can justify the sealing of arrest records.

## CONCLUSION

Accordingly, the Court DENIES the request to seal the records of United States v. Rodney Skinner, 96 Mag. 916 and United States v. Rodney Skinner, 97 Mag. 315.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 1, 2023
         New York, New York

cc:   Rodney Skinner (*by chambers*)